## MARCH SPECIAL TERM, 1855.

## WILLIAM MORGAN *vs.* ANTONIO MANUEL.

Verification of plaintiff's petition, under the Statute of 1848. Practice.

JUSTICE ROBERTSON, delivering the opinion of the Court, said:

The question to be decided by the court is, whether or not a verification of a plaintiff's petition by his attorney, *"as he verily believes,"* is a sufficient verification under our statute.

The words of the statute referred to are as follows, viz.: "That in every civil action hereafter to be tried in any of the Courts of Record in this Kingdom, such action shall be commenced by petition, which petition shall be verified by the oath of the plaintiff, or some one on his behalf" Supp. to Stat. Laws, 1848, p. 11, Sec. 1.

As has been well said by one of the learned counsel, the object of the statute is to guard against frivolous and unnecessary litigation; and by another, it is to prevent dishonest persons and speculating attorneys from embarking in unfounded suits from mercenary or malicious motives.

Keeping in view its well understood object, what is the reasonable and proper construction of the section above quoted?

It seems to me reasonable to say, that the object of the statute, so far as it depends upon a rule like the present, cannot be attained unless the plaintiff's petition is verified by the oath of some person who is able, of his own knowledge, to swear to the truth of the facts therein set forth. The language of the statute is direct and unqualified, and evidently does not contemplate the verification of a petition by a person who cannot say of his own knowledge, whether the allegations of the petition are true or false. In this case, if he is permitted to swear that the petition is true "as he verily believes," merely, no opportunity is afforded, as in the case of a witness on the stand, by cross examination, to test his opportunities of knowledge or the grounds of his belief.

Again, our statute does not require that the plaintiff should be out of the kingdom before his petition may be verified by some one on his behalf; and it seems to me, that if we allow a stranger or an attorney to come in and make oath, on behalf of the plaintiff, that he

verily believes the statements in the petition to be true—basing his oath probably on the mere word of the plaintiff—we entirely defeat the object of the statute, by rendering it practicable for the plaintiff to have a petition verified and acted upon by the court, to the truth of which he would not dare make oath himself.

By the New York Code of Procedure, as amended in 1851, the verification, in the courts of that State, must be to the effect, that the petition is true to the knowledge of the person making it, and must be by the party, or if there be several parties united in interest and pleading together, by one at least of such parties *acquainted with the facts*, if such party be within the county where the attorney resides, and capable of making the affidavit. The affidavit may also be made by the agent or attorney, if the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney, or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney. When the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party. New York Code of 1852, pp. 171 and 172.

A verification which stated that the party had read the pleading, and that "the same is true according to the best of his knowledge and belief," is not a sufficient verification. Van Horn *vs.* Montgomery, 5 Pr. Reports, 328. And this, I presume, was a case in which the verification was made by the party himself, and not by his attorney, or some other person on his behalf. If it is necessary to be thus stringent with the party, who may be presumed to be personally acquainted with the facts on which he seeks to bring his action, *a fortiori* it is necessary towards an attorney, or any other person in whose favor the presumption of personal knowledge does not arise.

I have cited the rule in New York merely for the purpose of helping us to arrive at a reasonable construction of our own statute, which, although less full and explicit on the subject, was framed for precisely the same purpose, and to effect the same object, as that of New York and of all other States having statutes on the subject.

It is contended, and perhaps with reason, that the construction put upon the statute by the court, would sometimes render it inconvenient to carry on a suit where the plaintiff resides in a foreign country. But I think it will not be denied, that the evils against which the statute is intended to guard are just as likely to arise in suits of this description, as in any other. At all events, I cannot see why the court should be swayed by the suggestion of this practical difficulty, in its construction of the statute. If the law is defective, let it be amended by the proper authority.

The rule requiring a plaintiff to verify his petition or declaration by oath, is derived from the Roman Law, and was probably unknown in the ancient law courts of England, when the pleadings were stated orally. Sir Wm. Blackstone, in describing the practice of the English law courts in his time, comparatively modern, makes no mention of any such rule.

In an article in the American Jurist, vol. 18, attached to the report of the case of Stetson *vs.* Jordan *et al.*, supposed to be from the pen of Judge Ware, will be found an able *expose* of the rules of the

Roman Law on the subject now before us. The writer states, as the result of his research, that, "In all countries and under all systems of jurisprudence, it has been found necessary to establish some checks to causeless and vexatious litigation. In the jurisprudence of the common law, the principal check is the liability to costs; but in the jurisprudence of ancient Rome, it appears that a party was not liable for the costs of the adverse party, merely because judgment was rendered against him. He was liable only when he instituted an action without probable cause; that is, when the suit was vexatious, or, in the language of the Roman Law, calumnious; and the costs were not given against him as part of the judgment, but could be recovered only by a new action, called an action of calumny, corresponding to an action for a malicious suit at common law.

"In the time of Justinian, and perhaps at an earlier period, the action of calumny had fallen into desuetude, and he, as a substitute, required the oath of calumny."

The oath was required of both the plaintiff and defendant, and was, in substance, the same as that required of the plaintiff by this court.

The learned writer above quoted, says further: "But these affidavits were not evidence in the cause; they were required solely and professedly as a check to vexatious litigation; but the oath of calumny, though not evidence, was an essential part of the proceedings in the cause. It was ordered by Justinian to be officially required by the judge, although not insisted upon by the parties; and if omitted, it vitiated the whole proceedings. The practice of requiring the oath of calumny appears to be preserved generally in the civil law courts of the continent of Europe. It is not, however, observed in France, and Dupin condemns it as conducing more to perjury than the prevention of litigation, which, he says, is more effectually checked by a liability for costs."

The article from which these extracts are made, will be found, at length, in Conklin's U. S. Admiralty, p. 624, Note (a).

Whether or not in this country, where the plaintiff is always liable for the costs if he fail to sustain his action, it is necessary, for the more certain prevention of vexatious litigation, to require him to verify his petition by oath, is a question on which there is likely to be a diversity of opinion; but, however I might be inclined to answer that question in its proper time and place, I feel convinced that if we relax the construction which is contended for by the counsel for the defendant, we will render the statutory requirement wholly nugatory, and it might as well be repealed. If it is a sufficient verification for an attorney, or any other person than the plaintiff in an action, to swear that the facts set forth in the plaintiff's petition *"are true, as he verily believes,"* without setting forth the reasons or foundation of his belief, then we have in fact, despite the statute, no other guard against the operations of the dishonest persons and speculating attorneys, spoken of by one of the learned counsel, than the plaintiff's liability for costs; and such parties may embark in mercenary and malicious suits to their hearts' content, if they are ready to risk in the adventure sufficient money to pay the costs. Such doctrine is certainly at variance with the design of the legislature, for it appears to me clear, that that body, in enacting the law now under discussion, in the year 1848,

intended to erect an additional barrier against vexatious litigation; for at that time, as now, the plaintiff incurred the liability of having to pay costs.

Chief Justice Lee said : I concur in the opinion read by my brother Robertson, for I conceive that any construction of the statute more lax than that given, would render the law a mere nullity.

Mr. Harris for plaintiff.

Mr. Blair for defendant.